**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION**

_____

| | |
|---|---|
| ALLEN BAGGETT, | CV 10-90-M-DWM-JCL |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATION |
| TRAVELERS, B&B AUTO TIRE AND TOWING, CHARTER OAK, AUTOMOBILE ASSOCIATION OF AMERICA, MONTANA STATE INSURANCE AUDITOR, AAA MOUNTAIN WEST, AAA OREGON/ IDAHO, | |
| Defendants. | |

_____

**I.  INTRODUCTION**

This matter is before the Court due to Plaintiff Allen Baggett's failure to comply with the Court's previous Orders entered in this case.  For the reasons stated, the Court recommends that this action be dismissed without prejudice.

On August 19, 2010, Baggett filed a Motion to Proceed In Forma Pauperis under authority of 28 U.S.C. § 1915(a)(1), and he lodged his proposed Complaint. By Order entered August 23, 2010, the Court denied Baggett's motion, and directed him to pay the $350 filing fee.

1

On September 7, 2010, Baggett moved for leave to amend his motion, and for reconsideration of the referenced Order. The Court reviewed Baggett's amended information, but concluded that the amended information still did not demonstrate that Baggett was financially eligible to proceed in forma pauperis. Therefore, by Order entered September 20, 2010, the Court denied Baggett's motion for reconsideration.

On September 30, 2010, Baggett moved to amend his in forma pauperis motion. By Order entered October 5, 2010, the Court granted Baggett's motion, provided Baggett with instructions regarding specific financial information he needed to provide in support of his amended motion to proceed in forma pauperis, and afforded Baggett and opportunity to file his amended motion.

By November 8, 2010, Baggett had not filed his amended motion as he had requested. Therefore, on November 8, 2010, the Court issued an Order directing Baggett to file his amended motion on or before November 22, 2010. The Court cautioned Baggett that if he failed to comply with the referenced Order, then this action would be closed. As of the date of this recommendation, however, Baggett has failed to file his amended motion, and he has failed to comply with the November 8, 2010 Order.

## II.  DISCUSSION

Rule 41(b), Fed. R. Civ. P., authorizes the court to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order[.]" The court may dismiss a case under Rule 41(b) sua sponte.  *See e.g.*, *Link v. Wabash Railroad Co.*, 370 U.S. 626, 631-633 (1962); *Hells Canyon Preservation Council v. United States Forest Service*, 403 F.3d 683, 689 (9th Cir. 2005).

In considering dismissal as a remedy under Rule 41(b) for a party's failure to comply with a court order, the court must weigh five factors:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants or respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits.  *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)). These five "factors are 'not a series of conditions precedent before the judge can do anything,' but are a 'way for a district judge to think about what to do.'"  *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Valley Engineers, Inc. v. Electric Engineering Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998)).

### A. Expeditious Resolution

"[T]he public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). The district courts are in a superior position to evaluate this factor and to determine when a particular delay interferes with the public's interests. *Id.* (citing *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984)).

Under the circumstances of this case, this factor weighs in favor of dismissing this case. The dismissal would be without prejudice so that Baggett may re-file his complaint at a later date. Nonetheless, in view of Baggett's failure to prosecute this case and comply with the Court's Orders, an expeditious resolution of this matter is in the public's interest.

### B. Docket Management

Again, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Pagtalunan*, 291 F.3d at 642 (citing *Yourish*, 191 F.3d at 990). Litigants who do not actively pursue their claims or do not obey the court's orders disrupt the court's handling of other matters by consuming time and resources needed by other litigants who are active and compliant. *See Pagtalunan*, 291 F.3d at 642. The court must be able to "manage its docket without being subject to

routine noncompliance of litigants[.]" *Id.* (citing *Ferdik*, 963 F.2d at 1261).

Baggett has demonstrated his inability or unwillingness to comply with the Court's November 8, 2010 Order. Thus, in the interest of judicial economy, the Court's time is better spent on cases in which the litigants are compliant. Therefore, this factor weighs in favor of dismissal.

### C. Prejudice to Defendants

"To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Pagtalunan*, 291 F.3d at 642 (citing *Malone v. United States Postal Service*, 833 F.2d 128, 131 (9th Cir. 1987)). Although there are inherent delays in the normal course of litigation, a party's "unreasonable" delay and noncompliance can cause prejudice to the opposing party. *Id.* The law presumes that an unreasonable delay has caused prejudice to the opposing party. *In re Phenylpropanolamine*, 460 F.3d at 1227-28.

Although none of the Defendants have appeared in this action, prejudice is inherent in the delay caused by Baggett's noncompliance. *See Pagtalunan*, at 643 (finding that stale evidence and faded memories prejudice the litigation). Nonetheless, absent evidence before the Court with respect to any prejudice any of the Defendants may have suffered, the Court deems this factor to have neutral

weight under the circumstances of this case and in the context of the Court's analysis under Rule 41(b).

### D. Less Drastic Alternatives

A court is obligated to consider the impact of a dismissal as a sanction, and the adequacy of less drastic sanctions. *In re Phenylpropanolamine*, 460 F.3d at 1228 (citing *Malone*, 833 F.2d 131-32). A court's "[w]arning that failure to obey a court order will result in dismissal can itself meet the 'consideration of alternatives' requirement." *Id*. at 1229 (citations omitted).

The Court has already provided Baggett several opportunities to file his amended motion to proceed in forma pauperis which, if filed, would have alleviated the need for a Rule 41(b) dismissal of this case. At this time, there is no reason to expect Baggett will "respond more satisfactorily to a second round" of opportunities to comply with the Court's Orders than he did the first time. *Henry*, 983 F.2d at 948. The Court is also not required to exhaust all alternative less-drastic sanctions prior to dismissal. *Nevijel v. North Coast Life Insurance Co.*, 651 F.2d 671, 674 (9th Cir. 1981).

Finally, the Court's November 8, 2010 Order warned Baggett that this matter would be closed if he did not file his amended motion to proceed in forma pauperis. Therefore, in considering other less drastic alternatives, the Court

concludes dismissal is appropriate.

### E.  Disposition on the Merits

Finally, public policy favors the disposition of cases on their merits. *Pagtalunan*, 291 F.3d at 643 (citing *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)).  Regardless of the circumstances of any particular case, this factor will always counsel against dismissal.

## III.  CONCLUSION

Based on the foregoing, although the policy favoring disposition of cases on their merits weighs against dismissal under Rule 41(b), taken as a whole the remaining factors support the dismissal of this case.  Rule 41(b) provides that "[u]nless the dismissal order states otherwise, a dismissal under this subdivision (b) [...] operates as an adjudication on the merits."  To allow for the potential of a future disposition of this case on its merits, the Court does not recommend this dismissal as an adjudication of the merits of Baggett's claims.  Accordingly, IT IS HEREBY RECOMMENDED that this action be DISMISSED without prejudice pursuant to Fed. R. Civ. P. 41(b).

DATED this 29th day of November, 2010.

      /s/ Jeremiah C. Lynch
      Jeremiah C. Lynch
      United States Magistrate Judge